United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wayne Rudder, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-60363-Civ-Scola |
| | ) |
| City of Fort Lauderdale and others, | ) |
| Defendants. | ) |

### Order Granting Motion for Leave to Proceed *In Forma Pauperis* but Striking Complaint

  This matter is before the Court upon Plaintiff Wayne Rudder's application to proceed *in forma pauperis*. Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Rudder's motion to proceed without prepaying his fees or costs (**ECF No. 3**); however, the Court **strikes** his complaint, **without prejudice** to his filing an amended complaint, for the reasons set forth below.

  While the precise contours of Rudder's grievances are difficult to discern, the main thrust of his complaint relates to a house in Fort Lauderdale where Rudder says he was a tenant. (Compl. 1, 4, 6.) According to Rudder, it appears the Defendants—the City of Fort Lauderdale; Assurant Insurance; and Wells Fargo—all interfered, in various ways, with his ability to live in and repair the house. (*Id.* at 4, 6.) Rudder says the City wrongfully withheld permits that would have made repairs possible and then, without any notice, broke a lock on a fence to gain entry to the property, boarded up the residence, and then ultimately demolished it, perhaps with some of his belongings still inside. (*Id.* at 4.) His gripe against Assurant Insurance is less clear, but seems to relate to a claim on an insurance policy for $256,000. (*Id.* at 6.) Rudder also complains that Wells Fargo owes the property owner's estate, or him, $75,000. (*Id.* at 4, 6.) It is not entirely clear what causes of actions support all of Rudder's claims, but he identifies both the Fifth and Fourteenth Amendments and complains generally about constitutional violations. (*Id.* at 3–4.) All told, it appears Rudder is claiming entitlement to $750,000. (*Id.* at 4.) The Court finds Rudder's complaint flawed in multiple ways.

  As an initial matter, the complaint here violates both Federal Rule of Civil Procedure 8(a)(2), as well as 10(b), amounting to what is often referred to as a "shotgun pleading." In this case, the Court finds Rudder's complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and that it fails to "separate[e] into a different count

each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). It appears Rudder has multiple claims, against multiple defendants, but he does not identify which facts support which legal theories, what those legal theories actually are, and what damages each Defendant is specifically responsible for. Accordingly, should Rudder choose to file an amended complaint, he must present each claim in a separate section, specifying which facts support that particular cause of action, and which Defendant is responsible for the damages associated with that claim. In other words, each claim should be presented in a separate count "with such clarity and precision that the defendant[s] will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Next, Rudder is forewarned that 28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Accordingly, to the extent Rudder attempts to state a claim under 42 U.S.C. § 1983, for various constitutional violations, he must allege facts showing (1) the Defendants deprived him of a right secured by the United States Constitution or federal law; and (2) such deprivation occurred under color of state law. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, he must allege an affirmative causal connection between each Defendant's conduct and the relevant constitutional or federal

deprivation. *See, e.g., Troupe v. Sarasota Cnty.*, 419 F.3d 1160, 1165 (11th Cir. 2005). Further, § 1983 provides no cause of action against private entities absent some action in concert with a state official. Thus, in order to state a § 1983 claim against the named private entities, Rudder must allege facts from which the Court could infer such entities engaged in state action or action in concert with a state official. *See, e.g., Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.").

Finally, Rudder must take care to sufficiently allege *facts* supporting his claims. For example, while a tenant no doubt has a constitutionally-protected property interest in continued occupancy in a leased residence, a tenant would not ordinarily have standing to pursue amounts purportedly owed to the owner of that property. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) ("continued residency in leasehold property is a 'significant interest in property' subject to due process protection") (quoting *Greene v. Lindsey,* 456 U.S. 444, 450–51, 1982). Further, to the extent Rudder maintains he was a tenant in the demolished property, he must allege facts supporting that claim.

Ultimately, the Court is unable to discern whether Rudder has stated a claim upon which relief may be granted against all three Defendants. To that end, the Court **strikes** the complaint and, to the extent Rudder seeks to file an amended complaint, **orders** him to: (1) address the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth specific factual allegations in support of his claims; (4) if there is more than one cause of action, separate each into a different, sequentially numbered, count which identifies the relevant cause of action or claim for relief; (5) identify which factual allegations, claims, and acts pertain to which Defendant; and (6) identify which factual allegations and acts pertain to which counts.

For the reasons set forth above, the Court **strikes** the complaint (ECF No. 1). Rudder may file an amended complaint by **March 11, 2022**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. Rudder is forewarned that his **failure to comply with this order may result in the dismissal of her case**.

**Done and ordered**, at Miami, Florida, on February 23, 2022.

_____
Robert N. Scola, Jr.
United States District Judge