United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wayne Rudder, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-60363-Civ-Scola |
| | ) |
| City of Fort Lauderdale and others, Defendants. | ) |

### Order Granting Motion for Reconsideration and Amending Order of Dismissal

Previously, the Court reviewed pro se Plaintiff Wayne Rudder's complaint, under 28 U.S.C. § 1915, and concluded it was a shotgun pleading and that, as best the Court could discern, Rudder had failed to allege facts stating a plausible claim for relief. (Order, ECF No. 7.) Accordingly, the Court ordered him to file an amended complaint, by March 11, 2022, if he wished to proceed further with his case. A week after that deadline had passed, Rudder sought, and received, an extension of time to file his amended complaint, until April 11. (ECF No. 9.) When April 11 had come and gone, the Court dismissed Rudder's case, without prejudice, finding he had abandoned his litigation efforts. (Order Dismissing Case, ECF No. 10.) The Court failed to appreciate, however, as Rudder points out in his motion for reconsideration, that Rudder had attached an amended complaint to his motion for an extension of time. (Am. Compl., ECF No. 8-1.) This was clearly an oversight by the Court. Although it was not presented in the most obvious way, the Court finds Rudder has indeed filed an amended complaint, within the Court ordered timeframe, and that the submission warrants the Court's reconsideration of its order dismissing Rudder's case for a failure to prosecute. Accordingly, the Court has now reviewed Rudder's amended complaint, as he has presented it, attached to his motion for an extension of time.

Once again, Rudder's operative pleading exhibits many of the same defects as the Court previously identified in his initial complaint. The amended complaint is still composed of predominantly conclusory allegations. Additionally, these allegations, coupled with the few factual allegations Rudder does provide, still fail to connect the allegations to any particular cause of action. And Rudder has still failed, as the Court ordered, to separate into different counts each cause of action or claim for relief.

Further, even cobbling together Rudder's various allegations, and reading the complaint generously, affording it as much latitude as possible, given

Rudder's pro se status, the amended pleading still fails to state a claim for relief that is plausible on its face. Rudder complains, centrally, that the City of Fort Lauderdale demolished a house, owned by somebody else. He seems to claim some sort of leasehold in the house but does not provide any *facts* showing he was an actual tenant. The closest he comes to establishing any possible property interest in the house is when he says that either the Social Security Agency or the Defendants "had the Lease that gave the Plaintiff part of the house." (Am. Compl. ¶ 10.) Further, the damages Rudder seeks do not seem to arise out of his status as a tenant, but, rather, appear to be damages that would, instead, be owed to the current property owner, whoever that may be. Rudder also complains that the City failed to provide proper notice of the demolition of the house, but acknowledges, at the same time, that notice was, indeed, posted at the property. He claims this notice was inadequate, however, because he was in the hospital at the time. But, like many of his other contentions, he doesn't provide any factual allegations from which the Court could conclude that Rudder himself was ever entitled to notice in the first place. He also fails to explain why amounts allegedly due from the private-entity defendants to the previous, now deceased, owner should be paid to him, individually.

In sum, through his amended complaint, Rudder has failed to follow the Court's orders: he has not redressed the deficiencies in his pleading, either in substance or in form. Accordingly, although the Court **grants** his motion for reconsideration (**ECF No. 12**), the Court, at the same time, **dismisses** his complaint, **with prejudice**, based on his failure to state a claim. The Court also finds, based on the above, that any further amendment would be futile. This case is to remain **closed**. The Court **vacates** its earlier judgment (**ECF No 11**) and will enter an amended judgment, following the entry of this order.

**Done and ordered**, at Miami, Florida, on April 29, 2022.

_____
Robert N. Scola, Jr.
United States District Judge