United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wayne Rudder, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-60363-Civ-Scola |
| ) | |
| City of Fort Lauderdale and others, ) | |
| Defendants. ) | |

### Order Denying Motion for Reconsideration

Previously, the Court reviewed pro se Plaintiff Wayne Rudder's complaint, under 28 U.S.C. § 1915, and concluded it was a shotgun pleading and that, as best the Court could discern, Rudder had failed to allege facts stating a plausible claim for relief. (Order, ECF No. 7.) Accordingly, the Court ordered him to file an amended complaint, by March 11, 2022, if he wished to proceed further with his case. A week after that deadline had passed, Rudder sought, and received, an extension of time to file his amended complaint, until April 11. (ECF No. 9.) When April 11 had come and gone, the Court dismissed Rudder's case, without prejudice, finding he had abandoned his litigation efforts. (Order Dismissing Case, ECF No. 10.) The Court failed to appreciate, however, as Rudder pointed out in a previous motion for reconsideration, that Rudder had attached an amended complaint to his motion for an extension of time. (Am. Compl., ECF No. 8-1.) That was clearly an oversight by the Court and, accordingly, the Court reviewed Rudder's amended complaint, despite its having been improperly submitted as an attachment to a motion for an extension of time. Upon that review, however, the Court determined that Rudder had failed to address the Court's concerns and also failed, again, to state a claim for relief. As a result, the Court dismissed Rudder's case, with prejudice, finding any further amendment would be futile. (ECF No. 13.) Thereafter, Rudder filed a notice of appeal (Pl.'s Not., ECF No 14) and then a motion for reconsideration of the Court's second or amended order of dismissal (Pl.'s Mot., ECF No. 17). After review, the Court **denies** Rudder's motion for reconsideration (**ECF No. 17**).

As an initial matter, the Court finds that Rudder's previously filed notice of appeal has not divested the Court's jurisdiction to disposed of his later filed motion for reconsideration. Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), Rudder's previously filed notice of appeal is suspended until after the Court disposes of his later filed motion for reconsideration. Fed. R. App. P. 4(a)(4)(B)(i). *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003)

(recognizing a district court's jurisdiction "to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal").

Next, the Court finds Rudder's motion fails on its merits. Except for disagreeing with the Court's analysis, in its second order dismissing Rudder's case, Rudder fails to set forth any basis that would justify the Court's reconsideration. "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

None of Rudder's presentation merits the Court's reconsideration of its second order of dismissal. For example, much of Rudder's motion focuses on his purported status as the personal representative of the estate of the previous owner of the property that is the subject of his complaint. (*E.g.* Pl.'s Mot. at 2 ("Judge has failed to adhere to established rule of law that the Plaintiff is the Executor of the Will which Mary Jenkins signed in Bankruptcy Court . . . .").) Rudder, however, has filed suit, here, in his individual capacity. And, to the extent he intends to proceed on behalf of the estate, he cannot do so on a pro se basis. *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (noting that a non-lawyer may not proceed pro se on behalf of an estate and affirming dismissal for a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).[1] The bulk of the remainder of Rudder's motion simply rehashes arguments he has previously made or presents his claims in such a

---

[1] On the other hand, Rudder can, if he has a good-faith basis to do so, initiate a new case on behalf of the estate, with the assistance of counsel, and the Court will accept transfer of his case if it assigned to a different district court judge in this district.

vague and convoluted way that the Court is unable to discern what his point is. In short, Rudder has not set forth any basis that would warrant the kind of extraordinary relief he now seeks. Accordingly, the Court **denies** his motion for reconsideration (**ECF No. 17**).

**Done and ordered**, at Miami, Florida, on June 1, 2022.

_____
Robert N. Scola, Jr.
United States District Judge